ISAAC STEWART'S EX'R *v.* JAMES STEWART, TRUSTEE, ETC.

**Interest—Trustee of Fund.**

    A trustee of a fund to be applied to a certain purpose cannot be allowed to hold the trust fund for fifteen or twenty years without making the application of the fund and avoid payment of interest thereon.

**Trusts—Right to Sue Trustee.**

    A person who shows himself to have an interest in a trust fund may maintain an action against the trustee for an accounting and for application of the fund.

APPEAL FROM LOUISVILLE CHANCERY COURT.

September 27, 1873.

OPINION BY JUDGE PRYOR:

The plaintiff, James Stewart (the appellee), alleged that he and his two brothers were the only heirs of their mother, Elizabeth Stewart. That at her death she owned a negro woman, who was sold by the consent of all the brothers and by an agreement the proceeds were to be applied to purchasing tombstones for the graves of their father and mother and their brother John. This agreement is made part of the petition and shows that Isaac Stewart, defend-

ant's intestate, received the money, $419, on the 13th of September, 1851, and was to apply it in purchasing these tombstones when called for. The agreement shows upon its face that it is payable to Isaac and Willis Stewart. This is evidently a mistake in copying the record as the obligation is signed by Isaac and it is also alleged in the petition that it is made payable to or the agreement was made with the plaintiff, James Stewart, and his brother, Willis Stewart, and not denied by the answer, but whether this be so or not, the appellee was interested in the trust fund and can maintain this action. It does not appear when Isaac Stewart died, but the writing shows that he took possession of this trust fund in 1851 and, as he maintains, the writing having been made payable to his brother and himself, it was incumbent on him to have made some disposition of it in order that the trust might be executed, and even if not payable to himself but his two brothers, he cannot be permitted to retain that fund for fifteen or twenty years without paying interest thereon. It was his duty as well as that of his brothers to see that the money was appropriated to the sacred purpose for which it seems to have been intended.

An answer was filed by the appellants relying on the plea of payment. This answer was stricken from the files, as the record shows, and as no exception was made to this ruling this error cannot avail the appellants in this court.

It was proper to require the whole of the trust to be brought into court in order that it might be at the disposal of the chancellor. It was perhaps error to award costs against the appellants from the filing of the petition up to the period they filed their answers resisting the payment of the money, for the reason that no demand was made, still these costs, if allowed appellants, would only amount to the tax and order filing the petition, and no reversal should be made for such a technical omission, when the substantial rights of the party is not affected by it.

Judgment *affirmed*.

*Rodman*, for appellants.

*Brunch*, for appellees.